**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

ROSA ASHFORD, and
OTIS ASHFORD                                                                          PLAINTIFFS

v.                                                              Civil No. 1:11-cv-57-HSO-JMR

WAL-MART STORES, LP                                                              DEFENDANT

**ORDER GRANTING DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE
PLAINTIFF'S TREATING PHYSICIAN, DR. JOHN MCCLOSKEY'S,
EXPERT TESTIMONY REGARDING VOCATIONAL DISABILITY**

BEFORE THE COURT is Defendant Wal-Mart Stores, LP's *Daubert* Motion [57] to Exclude Plaintiff's Treating Physician, Dr. John McCloskey's, Expert Testimony Regarding Vocational Disability.  Plaintiff has filed a Response [63].  After considering pleadings on file, the record, and all relevant legal authorities, the Court finds that Defendant's Motion [57] should be granted.

I. FACTS AND PROCEDURAL HISTORY

This case arises from an alleged slip and fall, which occurred on March 15, 2009, at Defendant's Wal-Mart store in Pascagoula, Mississippi.  Plaintiff Rosa Ashford contends that she injured her back when she slipped and fell on a puddle of rainwater.  Pl.'s Compl. [1-2] at pp. 2, 5-6.  She alleges the rainwater was leaking from a roof or air conditioning duct.  *Id*. at p. 2.  Plaintiffs have designated Ms. Ashford's treating neurosurgeon, Dr. John McCloskey, as an expert witness.  Pls.' Designation of Experts [6] at p. 1.  On March 1, 2012, Plaintiffs filed a Supplemental Designation of Experts [41], providing that Dr. McCloskey's expert

testimony would encompass the following:

> Dr. McCloskey will testify as to the Plaintiff's injuries to her back and the subsequent surgery performed due to this incident, as outlined in his medical reports attached hereto. Dr. McCloskey will further testify as to the medical treatment he provided to the Plaintiff. Dr. McCloskey will further testify that the Plaintiff's injuries and subsequent medical treatment were causally related to this incident. Dr. McCloskey will further testify as to Plaintiff's impairment and disability rating along with any work restrictions and future medicals. Dr. John McCloskey will testify that Plaintiff is permanently and totally disabled from all gainful employment and that it is a direct result of this accident. Dr. McCloskey will further testify that the Plaintiff has a 15% permanent partial physical impairment to the body as a whole along with any work restrictions and future medical needs.

Pls.' Supp. Designation of Experts [41] at p. 1.

Dr. McCloskey stated in a December 2011 Progress Note in Ms. Ashford's medical records:

> It was in August 2011 that I felt that she had reached maximum medical improvement and had a 15% permanent partial physical impairment to the body as a whole and was permanently limited to some kind of sedentary or very light type work. I think additionally, from the standpoint of Social Security Disability, that she's totally and permanently disabled.

Dr. McCloskey's Progress Notes [58-1], Ex. A to Def.'s Mem. [58] in Supp. of Mot. [57] to Exclude.

Dr. McCloskey elaborated on this Progress Note at his deposition. He stated his opinion that Ms. Ashford is "not total[ly] permanently disabled" for purposes of workers' compensation, but that she is totally and permanently disabled for purposes of Social Security disability, because "she's not going to be able to find work" within her

physical limitations and restrictions, due to "her educational background, her pain complaints, her weight, her – the economy, the whole thing." Dep. of John McCloskey, M.D. [58-3] at pp. 15-17, Ex. C to Def.'s Mem. [58] in Supp. of Mot. [57] to Exclude. Dr. McCloskey concedes that he is not a vocational expert and that he has not performed a search to determine whether jobs within Ms. Ashford's physical limitations are available. *Id*. at p. 17.

## II. DISCUSSION

A. Legal Standard

The court must decide any preliminary question about whether an expert witness is qualified. FED. R. EVID. 104(a). "In so deciding, the court is not bound by evidence rules, except those on privilege." *Id*. Whether a proposed expert should be permitted to testify is case, and fact, specific. *Hodges v. Mack Trucks Inc.,* 474 F.3d 188, 194 (5th Cir. 2006).

The admissibility of expert evidence is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

3

   (d)  the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies Rule 702. *Hodges,* 474 F.3d at 194 (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 142 (1999)).

  The Court functions as a gatekeeper and ensures that an expert is properly qualified, and that his testimony is both reliable and relevant. *Curtis v. M&S Petroleum, Inc.,* 174 F.3d 661, 668 (5th Cir. 1999)(relying on *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993)); *see United States v. McMillan,* 600 F.3d 434, 456 (5th Cir. 2010). "District courts enjoy wide latitude in determining the admissibility of expert testimony . . . ." *Hodges,* 474 F.3d at 194.

  "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 412 (5th Cir. 2000). "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden,* 571 F.3d 442, 452 (5th Cir. 2009)(citing *Daubert,* 509 U.S. at 596).

  To be reliable, an expert opinion must be based on sufficient facts and data, and be the product of reliable principles and methods. FED. R. EVID. 702(b) and (c). Otherwise, it is "'unsupported speculation or subjective belief.'" *Johnson v. Arkema, Inc.,* 685 F.3d 452, 459 (5th Cir. 2012)(citing *Daubert,* 509 U.S. at 590). "The court should 'make certain that an expert, whether basing testimony upon professional

studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Hodges,* 474 F.3d at 194 (citing *Kumho,* 526 U.S. at 152). Courts consider the following non-exclusive list of factors when conducting the reliability inquiry:

> (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted in the scientific community.

*Johnson,* 685 F.3d at 459 (citing *Daubert,* 509 U.S. at 593-94).

B. <u>Analysis</u>

Defendant argues that Dr. McCloskey's expert testimony should be excluded to the extent that he seeks to offer his opinion that Ms. Ashford is "100% vocationally disabled and unemployable." Def.'s Mem. [58] in Supp. of Mot. to Exclude [57] at p. 2. It bases its Motion upon Dr. McCloskey's admission that he is not a vocational expert, and that he did not perform a job search to determine whether jobs are available within Ms. Ashford's physical limitations. *Id.* at p. 9. Defendant argues that Dr. McCloskey's testimony in this regard is outside the scope of his expertise, not based on sufficient facts or data, and not the product of reliable principles and methods. *Id.* Defendant also submits that Dr. McCloskey's opinion is inconsistent with his medical opinion that Ms. Ashford has a fifteen percent permanent partial physical impairment and is capable of performing light sedentary work. *Id.* at pp. 8-9.

Plaintiffs respond by highlighting Dr. McCloskey's medical education and accomplishments as a neurosurgeon. Pls.' Resp. [63] at pp. 2-3. Plaintiffs do not explain how Dr. McCloskey's medical expertise qualifies him to opine that Ms. Ashford is totally and permanently unemployable, particularly in light of his acknowledgment that she is capable of performing "sedentary or very light type work." Plaintiffs do not identify the facts or data that Dr. McCloskey relied on or the principles and methods that he used in reaching this opinion. Based upon the deposition testimony of Dr. McCloskey that has been submitted, his opinion appears to be based upon his general experience with patients who have been awarded permanent total Social Security disability benefits and simultaneously denied permanent total workers' compensation disability benefits. Dep. of John McCloskey, M.D. [58-3] at pp. 15-16. It also appears to be based upon his perception that Ms. Ashford will not be able to find employment, due to "other realities" such as her age, educational background, pain complaints, weight, and the economy. *Id.* at pp. 30-31.

It is not apparent that Dr. McCloskey's experience as a neurosurgeon qualifies him to make Social Security and workers' compensation disability benefit determinations. It is even less apparent that his medical expertise qualifies him to opine that Ms. Ashford is totally and permanently unemployable based on factors such as her age, weight, educational background, and the economy. Dr. McCloskey's opinions in this regard "simply lack[] the foundation and reliability necessary to support expert testimony." *Viterbo v. Dow Chem. Co.,* 826 F.2d 420,

6

424 (5th Cir. 1987). "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Id.* Dr. McCloskey's conclusion that Ms. Ashford is permanently and totally unemployable does not comport with the reliability requirements of Fed. R. Evid. 702, and should be excluded as impermissible *ipse dixit* testimony. *Kumho,* 526 U.S. at 157. For the same reason, Dr. McCloskey's opinion that Ms. Ashford will likely be awarded permanent total Social Security disability benefits but not permanent total workers' compensation disability benefits should also be excluded.

### III. CONCLUSION

Plaintiffs have not proven by a preponderance of the evidence that Dr. McCloskey's opinion that Ms. Ashford is permanently and totally unemployable meets the reliability requirements of Fed. R. Evid. 702. They have also not proven by a preponderance of the evidence that Dr. McCloskey's opinion that Ms. Ashford will likely be awarded permanent total Social Security disability benefits but not permanent total workers' compensation disability benefits is reliable. Dr. McCloskey's opinions, in this regard, should be excluded at trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Wal-Mart Stores, LP's *Daubert* Motion [57] to Exclude Plaintiff's Treating Physician, Dr. John McCloskey's, Expert Testimony Regarding Vocational Disability, is **GRANTED**. Dr. John McCloskey's opinion that Plaintiff Rosa Ashford is permanently and totally unemployable will be excluded at trial. Dr. McCloskey's opinion that Ms. Ashford will likely be awarded permanent total Social Security

disability benefits but not permanent total workers' compensation disability benefits will also be excluded at trial.

**SO ORDERED AND ADJUDGED,** this the 21st day of December, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE